UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DOSSMAN, | No. C 00-384 SI (pr) |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION AND SETTING BRIEFING SCHEDULE** |
| v. | |
| ANTHONY NEWLAND, warden, | |
| Respondent. | |

This action was dismissed in 2004 when the court found the habeas petition to be procedurally barred under California's untimeliness rule. Petitioner successfully appealed that decision. Relying on King v. LaMarque, 464 F.3d 963 (9th Cir. 2006), the Ninth Circuit decided that, contrary to this court's ruling, petitioner had met his interim burden under Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003). Dossman v. Newland, 9th Cir. No. 04-15593, Memorandum Disposition, p. 3. The Ninth Circuit vacated and remanded "for further proceedings consistent with this disposition." Memo. Disp., p. 3. "As in King, '[o]n remand, the government must demonstrate that California's "substantial delay" rule has become sufficiently clear and consistently applied to justify barring federal review' of Dossman's claim. King, 464 F.3d at 968." Memo. Disp., p. 3.

Respondent has filed a motion for reconsideration trying to get this court to dismiss the petition on a ground other than procedural default. Specifically, he asks this court to reconsider its September 19, 2001 order that denied the motion to dismiss under 28 U.S.C. § 2244(d) and

to now determine that the petition was untimely filed based on "new" case law. Petitioner has opposed the motion for reconsideration, arguing that this court must decide the issue of procedural default as directed by the Ninth Circuit's remand.

A district court, upon receiving the mandate of an appellate court "cannot vary it or examine it for any other purpose than execution." In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895). However, the district court is free to do anything not foreclosed by the mandate or counter to the "spirit" of the circuit court's decision. Cassett v. Stewart, 406 F.3d 614, 621 (9th Cir. 2005) (quoting United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir. 2000)).

The Ninth Circuit's decision requires this court to decide the question of the adequacy of California's timeliness rule for procedural default purposes before doing anything else in this action. This court cannot consider the separate issue of whether the petition is untimely under § 2244(d) until the procedural default issue is decided or respondent permanently abandons the argument that Dossman's petition is procedurally barred. Deciding whether the petition is untimely before deciding whether it is procedurally barred would be counter to the spirit of the Ninth Circuit's decision. For the foregoing reasons, respondent's motion for reconsideration is DENIED. (Docket # 110.)

The court now must take up the procedural default issue that was the subject of the appellate court's decision. In light of the passage of time, the existence of new case law, and the problems with petitioner's opposition to the motion (i.e., two opposition briefs were filed, one by appointed counsel and one by petitioner), allowing supplemental briefing will make for an unnecessarily confused record and analysis. Therefore, the court will require a new motion to dismiss, a new opposition, and a new reply – without incorporation by reference of existing briefs.

/ / /

/ / /

/ / /

The court now sets the following briefing schedule for a motion to dismiss based on procedural default:

1. Respondent must file and serve his motion to dismiss (or notice of abandonment of the procedural default defense) no later than **December 21, 2007**.

2. Petitioner must file and serve his opposition to the motion to dismiss no later than **January 25, 2008**.

3. Respondent must file and serve his reply brief (if any) no later than **February 15, 2008**.

IT IS SO ORDERED.

DATED: November ___, 2007

_____
SUSAN ILLSTON
United States District Judge