1
2
3
4
5            UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8   STEPHEN DOSSMAN,                    No. C 00-384 SI (pr)
9            Petitioner,               **ORDER DENYING MOTION TO
                                       DISMISS AND SETTING BRIEFING
10       v.                            SCHEDULE**
11  ANTHONY NEWLAND, warden,
12           Respondent.
                                  /
13
14         The court dismissed this action in 2004 upon finding Stephen Dossman's habeas petition
15  to be procedurally barred under California's untimeliness rule.  Dossman successfully appealed
16  that decision.  Relying on King v. LaMarque, 464 F.3d 963 (9th Cir. 2006), the Ninth Circuit
17  decided that, contrary to this court's ruling, Dossman had met his interim burden under Bennett
18  v. Mueller, 322 F.3d 573 (9th Cir. 2003).  Dossman v. Newland, 9th Cir. No. 04-15593, Memo.
19  Disp., p. 3.  The Ninth Circuit vacated and remanded "for further proceedings consistent with
20  this disposition."  Memo. Disp., p. 3.  "As in King, '[o]n remand, the government must
21  demonstrate that California's "substantial delay" rule has become sufficiently clear and
22  consistently applied to justify barring federal review' of Dossman's claim.  King, 464 F.3d at
23  968."  Memo. Disp., p. 3.
24         This action is now before the court for consideration of respondent's "post remand motion
25  to dismiss petition for writ of habeas corpus for procedural default."  For the reasons mentioned
26  below, the court concludes that respondent has not satisfied his burden to demonstrate that
27  California's untimeliness rule had become sufficiently clear and consistently applied to justify
28

barring federal review of Dossman's petition.[1]  When this court last considered the procedural default argument, it did a detailed analysis of the procedural default question as well as Dossman's preferred excuses for the default.  The court will not revisit and repeat the lengthy analysis in the February 12, 2004 Order Of Dismissal because respondent's motion falters on the precise point on which Ninth Circuit remanded this case, i.e., respondent's burden to the demonstrate the adequacy of the state procedural rule.

The procedural default doctrine forecloses federal review of a state prisoner's federal habeas claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule.  Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).   With respect to the requirement that the rule be adequate, the state procedural rule must be clear, consistently applied and well-established at the time of the petitioner's purported default.  See Calderon v. United States Dist. Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996), cert. denied, 520 U.S. 1204 (1997).  The "ultimate burden of proving the adequacy of the California state bar is upon the State of California."  Bennett, 322 F.3d at 585-86.

The threshold problem in respondent's motion to dismiss is that the four cases relied upon to show that the untimeliness rule has become "sufficiently clear" to meet the adequacy requirement are all capital cases: In re Clark, 5 Cal. 4th 750 (1993), In re Gallego, 18 Cal. 4th 825 (1998), In re Robbins, 18 Cal. 4th 770 (1998), and In re Sanders, 21 Cal. 4th 697 (1999).  None of the cited cases sufficiently clarifies the "substantial delay" standard for noncapital cases.  Reliance on capital cases to analyze the adequacy of the untimeliness rule in noncapital cases would be "inappropriate," according to Bennett,  322 F.3d at 583 (9th Cir. 2003).  Moreover, in King v. LaMarque, the Ninth Circuit explicitly rejected the government's reliance on Clark.  See King, 464 F.3d at 966 ("Clark did nothing to clarify the application of the basic

_____

[1]In the current motion, respondent casts Robbins as a case about the pleading requirements relating to California's untimeliness rule, see Post Remand Motion, pp. 11-12, whereas he identified it as a untimeliness case in his last motion to dismiss.  Robbins discussed delays in filing habeas petitions and the explanations therefor. Respondent's changed portrayal of Robbins does not aid his position. Indeed, if the focus is on pleading requirements, the case against applying Robbins to noncapital cases gains strength because the source of the alleged pleading requirements in Robbins is the California "Supreme Ct. Policies Regarding Cases Arising From Judgments of Death, policy 3." Robbins, 18 Cal. 4th at 784.

2

1   'substantial delay' standard with regard to noncapital cases.")  Also, the California Supreme

2   Court indicated that its focus was capital cases when it stated that it took up the companion cases

3   of Robbins and Gallego "not to consider the merits of the claims raised in the respective habeas

4   corpus petitions, but instead to address a number of general procedural issues relating to

5   petitions for writs of habeas corpus in capital cases, and, in particular, to address the question

6   of the timeliness of claims advanced in such petitions."  Robbins, 18 Cal.4th at 779 (emphasis

7   added).  That same focus was present in Sanders also.  See Sanders, 21 Cal. 4th at 701 (emphasis

8   added) ("[o]n the particular facts of this case, we conclude that when, as here, an attorney

9   representing a capital defendant essentially abandons his client and fails, in the face of triggering

10  facts, to conduct an investigation in order to determine whether there exist potentially

11  meritorious claims, such abandonment constitutes good cause for substantial delay in the

12  presentation of potentially meritorious claims by subsequent counsel.")  Respondent has not his

13  burden to show that the "substantial delay" standard in noncapital habeas corpus cases had been

14  sufficiently clarified by the California courts by 1999, when Dossman filed the habeas petition

15  that was rejected with a citation to Robbins .

16        The court need not explore the other aspect of the adequacy of a procedural rule (i.e., the

17  consistency of its application) because respondent has not demonstrated that the untimeliness

18  rule was sufficiently clear by 1999.  The court notes, however, that the materials from the case

19  of  Martin v. Walker, E.D. Cal. No. CV 99-0223 WBS/GGH, surveying habeas petitions in the

20  California Supreme Court in a 60-day period in 2002 are unhelpful to analysis of a rule's

21  application to Dossman in 1999.  Although Bennett and King are quite vague on what a

22  respondent must submit to meet his ultimate burden on the procedural default issue, this court

23  is quite certain that extrapolating from the 2002 cases to determine the state of affairs in 1999

24  because there "is no reason to believe that a similar sampling of cases [during the relevant time

25  period] would yield a different result," Post Remand Motion To Dismiss Petition, p. 26, does not

26  suffice to meet that burden.

27

28

1

**CONCLUSION**

2          For the foregoing reasons, respondent's motion to dismiss is DENIED.  (Docket # 119.)

3    In light of the denial of the pending motion and in light of respondent's earlier-mentioned interest

4    in moving to dismiss the petition as untimely filed under the federal habeas statute of limitations,

5    the court now sets the following briefing schedule to move this case toward resolution:

6          1.          Respondent must file and serve, no later than **September 26, 2008**, a motion to

7    dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is

8    unwarranted.

9          2.          If petitioner wishes to oppose the motion to dismiss, he must do so by filing an

10   opposition with the court and serving a copy upon respondent no later than **October 31, 2008**.

11         3.          Respondent must file and serve his reply, if any, no later than **November 14, 2008**.

12         IT IS SO ORDERED.

13   DATED: August 27, 2008

                                          _____
14                                                SUSAN ILLSTON
                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4