1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9  STEPHEN DOSSMAN,                          No. C 00-384 SI (pr)

10              Petitioner,                  **ORDER OF DISMISSAL**

11        v.

12  ANTHONY NEWLAND, warden,

13              Respondent.
   _____/

14

15                         **INTRODUCTION**

16        Stephen Dossman, a <u>pro se</u> prisoner, has filed a petition for writ of habeas corpus

17  challenging a 1991 conviction.  Now before the court for consideration is respondent's motion

18  to dismiss the petition as untimely.  For the reasons discussed below, the court finds the petition

19  to be barred by the statute of limitations and dismisses it.

20

21                          **BACKGROUND**

22        Dossman was convicted in 1991 in the Contra Costa County Superior Court of murder,

23  attempted murder, shooting at an inhabited dwelling, shooting at an unoccupied motor vehicle,

24  assaulting a police officer with an assault weapon, possession of a firearm by an ex-felon, and

25  transportation of an assault weapon.  Various sentence enhancements also were alleged, and all

26  were found to be true.  He was sentenced on May 10, 1991, to an indeterminate term of 25 years

27  to life, and a determinate term of 25 years and eight months.

28

1    Dossman appealed.  The California Court of Appeal modified the sentence and affirmed

2    the conviction on April 23, 1992. Dossman did not petition for review in the California Supreme

3    Court.

4    Dossman filed five state habeas petitions before filing the present action.  Dossman's first

5    petition for writ of habeas corpus was filed in the Contra Costa County Superior Court on March

6    31, 1997, and denied on December 1, 1997.  Dossman's second petition for writ of habeas corpus

7    was deemed filed in the California Court of Appeal on July 22, 1998,[1] and denied on October

8    15, 1998.  Dossman's third petition for writ of habeas corpus was deemed filed in the California

9    Supreme Court on February 2, 1999, and denied on June 30, 1999, with a citation to In re

10   Robbins, 18 Cal. 4th 770, 780 (1998).

11   Dossman raised a claim of newly discovered evidence before the Contra Costa County

12   Superior Court in a petition for writ of habeas corpus that was filed on July 29, 1999, and denied

13   on August 27, 1999.  His fifth and final state habeas petition raised the newly discovered

14   evidence claim before the California Supreme in a petition that was filed on September 23, 1999,

15   and denied without citation or comment on December 21, 1999.

16   This action, seeking a federal writ of habeas corpus, was deemed filed on December 30,

17   1999.

18

19                                    **DISCUSSION**

20   A.    Threshold Procedural Considerations

21   In his opposition to the motion to dismiss, Dossman contends that respondent waived the

22   statute of limitations defense by failing to allege it in his answer to the petition.  The court

23   disagrees.  When respondent filed his answer on February 5, 2002, the Rules Governing Section

24   _____

25   [1]Because Dossman is a prisoner proceeding pro se, he receives the benefit of the prisoner
     mailbox rule, which deems most documents filed when they are given to prison officials to mail
26   to the court.  See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  For purposes of
     the present motion, this means that his federal habeas petition is deemed filed on December 30,
27   1999 (i.e., the date of his signature on the petition), his second state habeas petition is deemed
     filed on July 22, 1998 (i.e., the date on the proof of service for the petition at Resp. Exh. E
28   (docket # 14)), and his third state habeas petition is deemed filed on February 2, 1999 (i.e., the
     date on the proof of service for the petition at Resp. Exh. G (docket # 14)).

2254 Cases In The United States District Courts did not require that the answer plead any statute of limitations defense, although Rule 5 was amended in 2004 to require that such a defense be pled. There is no waiver based on respondent's failure to allege a defense he was not obliged to allege by the version of the rule then in effect. Not only was it not required as a pleading matter, Dossman was not misled as to the timeliness issue by its omission from the answer. Respondent did plead procedural default based on the timeliness problem and timeliness questions have been the main focus of this case since its inception, although they mostly have been made in the context of procedural default rather than statute of limitations arguments.

The other procedural issue concerns whether this court can revisit the statute of limitations issue after having decided it several years ago adverse to respondent. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see Fed. R. Civ. P. 54(b). Respondent's motion to dismiss filed on August 29, 2000 (docket # 12) argued that the petition was untimely under § 2244(d) and procedurally defaulted. The court granted the motion in part and denied it in part, finding that the petition was not barred by the statute of limitations under the generous holdings of Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), and Saffold v. Newland, 224 F.3d 1087 (9th Cir. 2000), and finding that the claims were not procedurally defaulted. Sep. 19, 2001 Order (docket # 21).[2] Nino and Saffold are no longer good law on the points for which they were cited. Nino's expansive view that statutory tolling was available for the entire time during which a petitioner is attempting to exhaust state court remedies has been displaced by Supreme Court cases holding that statutory tolling is not allowed when there is an unreasonable delay between state petitions, or in the periods between different rounds of state habeas petitions. Saffold was reversed by Carey v. Saffold, 536 U.S. 214 (2002). There has been the necessary change in the law. Although the change in the law occurred several years ago, respondent has not been tardy in asserting the

_____

[2]The motion to dismiss was granted as to one claim that did not assert a cognizable claim for federal habeas relief.

1   defense.  The reason the statute of limitations defense is only now up for consideration is that

2   this court refused to allow respondent to argue it until the procedural default issue was fully

3   resolved because this court understood a Ninth Circuit remand to require that the procedural

4   default issue be decided first.  See Nov. 14, 2007 Order Denying Motion For Reconsideration

5   And Setting Briefing Schedule (docket # 115).  Now that the procedural default issue has been

6   resolved adverse to respondent, it is time to take up the statute of limitations question.

7

8   B.      Untimeliness Analysis

9          Petitions filed by prisoners challenging non-capital state convictions or sentences must

10  be filed within one year of the latest of the date on which:  (1) the judgment became final after

11  the conclusion of direct review or the time has passed for seeking direct review; (2) an

12  impediment to filing an application created by unconstitutional state action was removed, if such

13  action prevented petitioner from filing; (3) the constitutional right asserted was recognized by

14  the Supreme Court, if the right was newly recognized by the Supreme Court and made

15  retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been

16  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  For cases in which

17  the convictions became final before the April 24, 1996 enactment of the Anti-Terrorism and

18  Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year grace period so that their

19  petitions were due by April 24, 1997.  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th

20  Cir.), cert. denied, 534 U.S. 978 (2001).

21         Dossman's conviction became final in 1992, so he is one of the petitioners who had a one-

22  year grace period to file federal habeas petitions after the enactment of the AEDPA.  The

23  presumptive deadline for Dossman to file was April 24, 1997.  He missed that by several years,

24  so unless he is entitled to some tolling, his petition was very untimely.

25         The one-year limitations period will be tolled for the "time during which a properly filed

26  application for State post-conviction or other collateral review with respect to the pertinent

27  judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Tolling is available for the intervening

28  period between state habeas petitions when a petitioner files the later state habeas petition

4

"within what California would consider a 'reasonable time.'" <u>Evans v. Chavis</u>, 546 U.S. 189, 198 (2006); <u>see</u> <u>Carey</u>, 536 U.S. at 220. Dossman receives tolling for his first state habeas petition (i.e., in the Contra Costa County Superior Court), as it was filed on March 31, 1997, when he had 25 days left in his one-year limitations period.

Dossman does not receive statutory tolling for the 7-1/2 month period between the denial of that petition on December 1, 1997, and the filing of his petition in the California Court of Appeal on July 22, 1998, because he delayed too long in going from one level to the next. <u>See</u> <u>Evans</u>, 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within <u>Carey</u>'s definition of the term "pending"); <u>see</u>, <u>e.g.</u>, <u>Waldrip v. Hall</u>, 548 F.3d 729, 735-36 (9th Cir. 2008) (delay of at least eight months not "reasonable" and thus not subject to tolling); <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1167 (9th Cir. 2006) (no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions). Dossman contends his 7-1/2 month delay was reasonable because he was writing a "direct response and refutation" to the superior court's 11-page denial of his petition. Opposition, p. 6. That was not as herculean a task as he suggests. The 11-page order had 4 pages of background describing the case and facts, cited only 8 cases as legal authority, and was not at all complicated. The order's length was mostly due to the background discussion and the fact that Dossman had presented 11 legal claims rather than to some particularly difficult legal or fact questions. The limitations period will not be tolled for the 7-1/2 month gap between the denial of the petition by the superior court and the filing of the petition in the court of appeal because that delay was not reasonable. By the time Dossman filed his first petition in the California Court of Appeal, the one-year deadline for him to file his federal petition had passed. The limitations period that had already expired could not be revived. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed) .

Even if Dossman was entitled to statutory tolling during the gap between the denial of the

habeas petition in the Contra Costa County Superior Court and the filing of the petition in the California Court of Appeal, he would be too late in filing his federal petition. He is not entitled to statutory tolling for the time after the California Court of Appeal's denial of his habeas petition on October 15, 1998 because the California Supreme Court denied his petition with a citation to In re. Robbins, 18 Cal. 4th at 780, which is a clear ruling that the petition was untimely. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to Robbins at page opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). Because of the Robbins citation in the denial, Dossman's petition in the California Supreme Court is not considered to have been "properly filed" or "pending" and therefore does not warrant statutory tolling. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 412-13 (2005) (quoting Carey, 536 U.S. at 226). "Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." Id. at 413.

In sum, Dossman receives statutory tolling only until December 1, 1997, when the Contra Costa County Superior Court denied his petition. He receives no statutory tolling for his state habeas activities thereafter. When he filed his habeas petition in the Contra Costa County Superior Court, he had 25 days left in his one-year limitations period. The limitations period therefore expired on or about December 26, 1997, several years before the federal petition was filed.

The final step is to determine whether the limitations period should be equitably tolled. The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has

long used in the Ninth Circuit was that equitable tolling would not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." <u>Beeler</u>, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting <u>Pace</u>); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").  The Ninth Circuit has not settled on a single consistent standard. <u>See</u> <u>Harris v. Carter</u>, 515 F.3d 1051, 1055 (9th Cir.), <u>cert. denied</u>, 129 S. Ct. 397 (2008) (declining to decide whether <u>Pace</u> standard differs from <u>Beeler</u> standard).

Under either articulation of the test, the petitioner bears the burden of showing that equitable tolling is warranted in his case. <u>See</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002); <u>Pace</u>, 544 U.S. at 418.   The petitioner also must show that the extraordinary circumstances "were the cause of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). <u>Spitsyn</u>'s mention of causation is important because it shows that equitable tolling often is not susceptible to a simple yes/no kind of inquiry, but instead requires the court to determine whether equitable tolling is allowed for the circumstance and, if so, how much time should be tolled for the circumstance.  A great reason for some delay doesn't necessarily mean that all delay is excused under the equitable tolling doctrine.

Dossman contends that he should receive equitable tolling and submitted a declaration describing the impediments he faced.  Although a <u>pro se</u> prisoner's allegations regarding diligence in filing his federal petition are  to be construed liberally, <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006), even liberal construction won't save Dossman.  During the relevant time, he was housed at California State Prison - Solano, and was assigned to the yard crew.

Dossman Decl., ¶ 2.  He stated that law library access was limited due to the number of inmates at the facility who wanted to use the library, although he did not describe with specificity his efforts to attend the library and do legal research.  He also stated that his work schedule made it possible for him to go to the library only three days of the week.  He also stated that there was limited access to the typewriters in the library, although he does not identify any court that would not have accepted a handwritten document and instead states (without any support) his belief that "[a]ny petitioner who wants to be taken serious (sic) by the reviewing court, types his/her litigation (sic) when at all possible."  Id. at ¶ 13.

Although it may have been limited, there was some access to the law library, as his declaration shows.  Also, California prisons allow prisoners to check out library materials and, if in segregated housing, to use a legal paging system to request materials for in-cell study if they cannot attend the library.  See 15 Cal. Code Regs. §§ 3120-3122, 3164(d), 3343(I), (k).  Dossman was not completely denied access to the law library or to a paging system for legal materials.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (prison rules requiring sign-ups for library time and limiting library sessions to 2 hours did not warrant equitable tolling); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling).

Dossman's limited access to a typewriter also does not warrant equitable tolling.  That he may believe that litigants have to submit typed documents to be taken seriously does not support equitable tolling in light of the common practice in courts to allow handwritten documents from pro se prisoners.  If baseless suppositions such as this warranted equitable tolling, any prisoner could think up any excuse to be late and the statute of limitations would be meaningless.

Finally, the court notes that Dossman did not file his first state habeas petition until more than four years after his direct appeal concluded and more than eleven months into his one-year federal limitations period.  The AEDPA's enactment in 1996 may have put an end limit on the

time for prisoners to file their federal habeas petitions, but the AEDPA did not initiate the right of habeas – state and federal habeas were available since his conviction.  Although a prisoner does not need to justify a delay before the AEDPA was enacted, the fact that so many years passed before he filed a collateral challenge to his conviction indicates a lack of diligence.  See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

Dossman's petition was untimely filed and is barred by the habeas statute of limitations.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED.  (Docket # 129.)  The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).  The clerk will close the file.

IT IS SO ORDERED.

DATED: May 13, 2009

_____
SUSAN ILLSTON
United States District Judge

9